UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANE LADEN,

                              Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/5/2022
```

No. 17 Civ. 10050 (NSR)
ORDER ADOPTING
REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Shane Laden ("Plaintiff") commenced this action on December 22, 2017, pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's application for Disability Insurance Benefits ("DIB"). (ECF No. 1.) By Stipulation and Order dated June 9, 2021, the matter was remanded to the Social Security Administration ("SSA"). (ECF No. 50.) The SSA ultimately found Plaintiff to be disabled and entitled to benefits. On July 19, 2022, Plaintiff moved for attorney's fees in the amount of $54,184.78 pursuant to the Equal Access to Justice Act ("EAJA"), 29 U.S.C. § 2412, and 42 U.S.C. § 406(b). (ECF No. 54.) The Commissioner takes no position on the fee request. (ECF No. 58.) On November 3, 2022, Magistrate Judge Krause issued a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). (ECF No. 59.)

    Presently before the Court is Magistrate Judge Krause's R&R recommending that Plaintiff's motion for attorney's fees be granted, and that Plaintiff be awarded $54,184.78 in attorney's fees. For the following reasons, the R&R is adopted in its entirety.

## BACKGROUND

Plaintiff filed an application for DIB on October 28, 2014. On May 9, 2017, an Administrative Law Judge ("ALJ") determined that Plaintiff was not entitled to benefits. On October 27, 2017, the SSA Appeals Council denied Plaintiff's request for review of the ALJ decision. Plaintiff retained Daniel A. Osborn ("Mr. Osborn") of Osborn Law, P.C. to litigate his claim in federal court. (ECF No. 56.) Pursuant to a fee agreement executed by Plaintiff and counsel, Plaintiff agreed to pay Mr. Osborn, for his work in federal court, the greater of 25 percent of any past-due benefits resulting from his claim or such amount as Mr. Osborn was able to obtain pursuant to EAJA. The fee agreement further provided that if Mr. Osborn was ultimately granted fees pursuant to 42 U.S.C. § 406(b), he would refund the smaller of either the § 406(b) fees or the EAJA fees to Plaintiff or his family.

Plaintiff filed his federal complaint on December 22, 2017. (ECF No. 1.) On January 9, 2018, the case was referred to Magistrate Judge Lisa Margaret Smith, who subsequently retired. (ECF No. 11.) On October 15, 2020, the order of reference was reassigned to Magistrate Judge Krause. By December 30, 2019, the parties filed and fully briefed motion and cross-motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 29, 30, 40, 44.) On May 10, 2021, Magistrate Judge Krause ordered the parties to meet and confer regarding whether the case should be remanded to the SSA for a new hearing in accordance with the Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). This action was remanded to the SSA by stipulation and order on June 9, 2021. A second hearing was held before an ALJ who ultimately issued a decision finding Plaintiff to be disabled and entitled to benefits.

On May 29, 2022, the SSA issued a Notice of Award ("NOA"), advising Plaintiff that the SSA withheld 25 percent of his past-due benefits in the amount of $54,184.78 to pay a possible

attorney's fee request. (ECF No. 56, Exhibit 4.) The SSA mailed the NOA to the law firm that represented Plaintiff in the administrative proceedings. Mr. Osborn received a copy of the NOA on July 13, 2022. On July 19, 2022, Mr. Osborn filed the instant motion seeking $54,184.78 in attorney's fees. (ECF No. 55.) The Commissioner takes no position on the fee request. (ECF No. 58.) To date, no objection was filed to Magistrate Judge Krause's R&R dated November 3, 2022. (ECF No. 59.)

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)

("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. A claimant may be entitled to attorney fees pursuant to EAJA or 42 U.S.C. § 406(b); *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 668 (S.D.N.Y. 2010). In particular, the EAJA provides that a claimant, who is represented by counsel, is entitled to reasonable attorney fees, not to exceed twenty-five percent (25%) of the past-due benefits the claimant is entitled to, upon entry of a favorable judgment. 42 USC § 406(b)(1)(A). In determining whether to award legal fees, the courts first look to the retainer agreement, and then test the agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

In his R & R, Magistrate Judge Krause considered multiple factors, including the timeliness of Mr. Osborn's fee application and the reasonableness of the fee award. In determining the fee to be reasonable, Magistrate Judge Krause assessed whether the contingency fee agreement was capped at 25 percent, as required by statute, whether there were any indicia of fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney. The Commissioner did not object to the timeliness of the application, or the reasonableness of the fees requested. As determined by Magistrate Judge Krause, the record indicates that Mr. Osborn's application was timely, and Mr. Osborn's role in initiating and prosecuting the instant lawsuit was reasonable. Accordingly, the Court finds no clear error. The

Court adopts the R & R in its entirety and determines counsel is entitled to recover $54,184.78, representing twenty-five percent (25%) of the past-due benefits awarded to Plaintiff as reasonable attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Krause's R & R in its entirety. Plaintiff's counsel is entitled to a fee award of $54,184.78. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 54.

Dated: December 5, 2022
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

5